UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAMION JACK | * | CIVIL ACTION NO. 25-845 |
| | * | |
| VERSUS | * | SECTION: "P"(1) |
| | * | |
| PROGRESSIVE INSURANCE COMPANY, ET AL. | * | JUDGE DARREL JAMES PAPILLION |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

## REPORT AND RECOMMENDATION

This is motor vehicle accident case. Before the Court is the plaintiff's Motion to Remand (Rec. Doc. 9).[1] The undersigned finds that the only non-diverse defendant has been improperly joined and, accordingly, **IT IS RECOMMENDED** that defendant Tomeka M. Huff be dismissed for failure to state a claim and plaintiff's Motion to Remand (Rec. Doc. 9) be DENIED.

### Background

This lawsuit arises out of a March 5, 2023, car accident in the parking lot of a Walmart in Laplace, Louisiana. Plaintiff Damion Jack[2] alleges that Kassie Lacombe was driving approximately 40 miles per hour when she struck the pickup truck that he was driving. Mr. Jack alleges he suffered "severe and debilitating injuries" and related economic injuries. Rec. Doc. 1-1, ¶IV. Mr. Jack was insured through an uninsured/underinsured motorist insurance contract issued by Progressive Insurance Company. He brought a claim against Progressive after Ms. Lacombe's insurer tendered policy limits. Progressive denied the claim, and this lawsuit followed. Mr. Jack alleges that Progressive is liable and is in bad faith for "failure to properly adjust a claim through

---

[1] Plaintiff filed the motion on June 2, 2025. The District Judge referred the motion to the undersigned for issuance of a Report and Recommendation on October 2, 2025.
[2] Mr. Jack is an attorney and is representing himself in this proceeding with no other counsel of record.

1

Tomeka M. Huff's actions." Id. He identifies Ms. Huff as an employee of Progressive, domiciled in the State of Louisiana, and as the person "responsible for bad faith in improperly denying a properly presented auto liability . . . claim" and for whom "Progressive is responsible via vicarious liability." Id. ¶ I(C). He has named both Progressive and Ms. Huff as defendants (along with Geico Insurance Company).

The defendants removed to this Court on May 1, 2025, invoking this Court's diversity jurisdiction. Although Ms. Huff is a Louisiana resident like Mr. Jack, defendants allege that she has been improperly joined. Mr. Jack filed the present Motion to Remand, insisting that Ms. Huff has been properly joined.

## Law and Analysis

1. *Diversity Jurisdiction, Removal, and Improper Joinder*

The defendants may remove a civil action to this Court if the Court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "[T]he removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists . . . ." Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). Defendants here invoke this Court's diversity jurisdiction, which is available when the citizenship of all of the plaintiffs is different from the citizenship of all of the defendants and the amount in controversy is in excess of $75,000. 28 U.S.C. § 1332; see Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am., 841 F.2d 1254, 1258-59 (5th Cir. 1988).

Where a non-diverse defendant has been improperly joined, the Court may dismiss or disregard that defendant and deny a motion to remand. St. Charles Surgical Hosp. LLC v. HUB Int'l, Ltd., 535 F. Supp. 3d 588, 593–94 (E.D. La. 2021). A defendant has been improperly joined where "(1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." Campbell v. Stone Ins., Inc., 509

F.3d 665, 669 (5th Cir. 2007). The Fifth Circuit has described improper joinder as "a 'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" Id. (quoting McDonal v. Abbott Lab'ys, 408 F.3d 177, 183 (5th Cir. 2005)). "If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder." Davidson v. Georgia-Pac., L.L.C., 819 F.3d 758, 765 (5th Cir. 2016). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

2. *Liability of Insurance Adjusters*

Louisiana law provides that "[a]n insurer . . . owes to his insured a duty of good faith and fair dealing" and "has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both." La. Stat. Ann. § 22:1973(A) (2024).[3] "Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach." Id. Among other things, an insurer's duty is breached by failing to pay claims "when such failure is arbitrary, capricious, or without probable cause." Id. 22:1973(B).

"As a general rule, no cause of action lies against an insurance adjuster for processing or handling an insurance claim." Causey v. State Farm, No. CV 16-9660, 2016 WL 6092547, at *2 (E.D. La. Oct. 19, 2016). First of all, the duty established by the statutes cited above is imposed on insurers, not adjusters employed by insurers. See Rosinia v. Lexington Ins. Co., No. CIVA 06-6315, 2006 WL 3141247, at *2 (E.D. La. Oct. 31, 2006); Motin v. Travelers Ins. Co., No. CIV.A.

---

[3] This duty of good faith is presently codified at La. Stat. Ann. § 22:1892.

3

03-2487, 2003 WL 22533673, at *4 (E.D. La. Nov. 4, 2003). Second, it is incredibly rare for an insurance adjuster to owe a tort duty to an insured. The Motin court observed that "[o]ne Louisiana court has hinted" at such a duty. 2003 WL 22533673, at *4. Indeed, the Louisiana Court of Appeals for the First Circuit suggested that "there may be circumstances in which the adjuster may be said to have undertaken" a duty to inform the insured of prescription. Pellerin v. Cashway Pharmacy of Franklin, Inc., 396 So. 2d 371, 373 (La. Ct. App. 1981). The plaintiff in Pellerin alleged that the adjuster informed her that as soon as she was discharged from her doctor's care, all her damages arising out of the accident would be paid in full and that she should not contact the adjuster until that time. Id. When she finally did so in accordance with the alleged instructions, her claim had prescribed and the insurer would not pay a settlement. Id. The court of appeals remanded to allow the plaintiff an opportunity to amend her petition to allege the breach of a duty to inform her of prescription. Id.

Far more often, though, there is no plausible basis to find the adjuster assumed a duty in tort to the insured. Delgado v. Ocean Harbor Cas. Ins. Co., No. CV 22-1987, 2022 WL 17092125, at *5 (E.D. La. Nov. 21, 2022) ("Courts have consistently held that a plaintiff's allegations of improper claims adjusting do not establish a claims adjuster assumed a duty to the plaintiff."). In Causey, the court denied plaintiff's motion to remand where the plaintiff alleged that the non-diverse insurance adjusters were "supervisors who evaluated his claims and 'failed to act appropriately.'" 2016 WL 6092547, at *2. In Rosina, the court dismissed plaintiffs' claims against the insurance adjuster where plaintiffs alleged "the insurance adjustor failed to act in a timely manner and, by absconding with their documentation, forced Plaintiffs to prove their claim twice." 2006 WL 3141247, at *2. And in Motin, the court found the adjuster had been improperly joined

4

where plaintiffs alleged that the adjuster engaged in intentional bad faith claims adjusting. 2003 WL 22533673, at *5 (E.D. La. Nov. 4, 2003).

3. *Analysis*

Here, Mr. Jack has named the insurance adjuster Ms. Huff—a Louisiana resident—as a defendant. He alleges only that she "is responsible for bad faith in improperly denying a properly presented" insurance claim.

In the present Motion to Remand, Mr. Jack argues that his claims are against Ms. Huff in her personal capacity for her own negligent and intentional acts. He insists that the merit of his claim is not an issue for the Court to consider at this time. He submits that there is no complete diversity and that this matter must be remanded to state court.

Defendants Progressive and Ms. Huff oppose. They argue that Mr. Jack has no cause of action against Ms. Huff under La. Stat. Ann. § 22:1973. Further, they argue that Mr. Jack's allegations against Ms. Huff do not show that she assumed some other independent duty to him. They submit that he has failed to state a tort claim against Ms. Huff in her individual capacity.

The Court agrees with defendants on both points. First, it is clear that the duties and penalties imposed by § 22:1973 apply to insurers, not their employees individually. Mr. Jack appears to concede as much. Second, Mr. Jack's bare and conclusory allegation that Ms. Huff is responsible for denying his claim in bad faith is insufficient to state a plausible claim for individual tort liability of Ms. Huff. There is no basis, let alone a plausible one, to conclude from this allegation that Ms. Huff assumed an independent duty to Mr. Jack.

Accordingly, the Court finds that Ms. Huff has been improperly joined and **IT IS RECOMMENDED** that Ms. Huff be dismissed for failure to state a claim and Mr. Jack's Motion to Remand (Rec. Doc. 9) be DENIED.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 12th day of November, 2025.

*[signature]*
Janis van Meerveld
United States Magistrate Judge